# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ARTURO FRANCISCO DIAZ IRIZARRY, PALOMA IROVA GARCIA ALI, AND THE LEGAL COUNYUGAL PARTNERSHIP BETWEEN BOTH. | CIVIL NO. |
| PLAINTIFFS, | CIVIL RICO; TORTS |
| v. | JURY DEMAND |
| JORGE LUIS DIAZ IRIZARRY, his wife Eugenia Mayoral, AND THE LEGAL CONJUGAL PARTNERSHIP BETWEEN BOTH. | |
| JORGE A. DIAZ MAYORAL, his wife Monica Alvarez, AND THE LEGAL CONJUGAL PARTNERSHIP BETWEEN BOTH. | |
| CARMEN TERESA GUERRERO DE LEON, her husband Ariel Marrero Otero, AND THE LEGAL CONJUGAL PARTNERSHIP BETWEEN BOTH. | |
| EMPRESAS DIAZ, INC. BETTEROADS ASPHALT LLC. BETTEROADS ASPHATL CORPORATION BETTEROADS ASPHALT II LLC BETTERECYCLING CORPORATION PETROLEUM EMULSION MANUFACTURING CORPORATION (PEMCO) PUERTO RICO ASPHALT LLC ASPHALT QUALITY SERVICES LLC READY ASPHALT LLC PUERTO RICO GAS & PETROLEUM LLC HOPI COPTERS, INC. PUERTO RICO ASPHALT TERMINAL LLC | |
| John Doe; Richard Roe. | |
| DEFENDANTS | |

## VERIFIED COMPLAINT

1

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs, Arturo Francisco Diaz Irizarry ("Arturo") and Paloma Irova Garcia Ali ("Paloma"), through their undersigned attorneys, and respectfully bring this action for civil RICO, torts, and for compensatory treble damages arising from the aforementioned causes of action, against the above captioned Defendants, and as grounds therefore state, allege and pray:

## I. NATURE OF THE ACTION

1. This is an action under Section 1964(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO") for treble damages arising from the injuries suffered by Arturo and Paloma, due to Defendants' pattern of racketeering activity in violation of Sections 1962 (a), (c) and (d) of RICO, all performed as part of an ongoing defrauding and unlawful enterprise.

2. This action also arises under Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. Sec. 5141, for compensatory damages suffered by Arturo and Paloma as a result of Defendants' willful, continuous, and malicious tortious conduct towards Plaintiffs.

3. This action also arises under Article 710 of the Law of Corporations 164-2009 (14 P.R. Laws Ann. 3650), which in summary establishes that the official and shareholder can request information and documents related to the operation, management and inspection of documents.

4. This action also arises under Article 587-592 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. Sec. 2511-2516, for the obligation of the Administrator of a Will to Fulfill the obligation within the Wills and such a delay caused damages to Arturo and Paloma as a result of Defendants' willful, continuous, and malicious tortious conduct towards Plaintiffs.

## II. BRIEF FACTS

5. Beginning in or around November, 2013, up to the filing of this action, in an effort to control the estate of Arturo Diaz Marquez and Judith Mercedes Irizarry Morales, the defendants guided by Jorge Luis Diaz Irizarry took control by their own means and through the omissions of the administrator of the estate to gain an unfair advantage over the Plaintiffs, provoking an involuntary bankruptcy case and deviating money to their own companies.

6. Upon information and belief, for the past 7 years the Administrator of the Estate has been manipulated by Jorge Luis Diaz Irizarry, preventing her from liquidating the debts of the estate companies in order for him to take advantage with his own companies, with the result of an unmovable liquidation of the estate for the heirs and trust. The Administrator of the Estate never Jorge Luis Diaz Irizarry who openly manipulated her or contradicted or defended the best interest of the Estate, therefore she is liable for her omissions that rendered in the losses of the Plaintiffs and the Estate.

7. The administrator, once designated, did not notify properly the reports of the estate as so stated in the Law and Ordered by the Court, and her designation expired without a beneficial outcome for the Estate, the heirs and the Plaintiffs. Openly knowing that Jorge Luis designated himself as agent and manager of the Estate companies and created new companies in order to use them to generate income that supposedly would be paid in favor of the Estate Companies.

8. The other heirs-legatees, Defendants (except Jorge Arturo Diaz Mayoral), have not brought forward any claim against the Defendant Jorge Luis Diaz because they have been benefiting (payments, referral of business, company benefits insurance, car

3

allowance, etc.)  from his personal businesses and/or the Estate businesses that were abducted by Jorge Luis Diaz through his scheme. Therefore, there is no interest or motivation for them to participate as Plaintiffs in this RICO action and will be brought as Defendants if necessary.

9.  Defendants, Jorge Luis and Jorge Arturo, repeatedly, and in a sustained manner, took control of the estate corporations, the estate itself (real-estate, money, jewels, companies, corporations), limited the access and use to the Estate to the Plaintiffs, limited the payment and distribution of benefits and dividends of participation arising from the companies and corporations from whom Plaintiffs had equity and shares.

10. Upon information and belief, Defendants, Jorge Luis and Jorge Arturo, deviated to their own the sales of asphalt, sales of machinery and equipment, brokering of asphalt, production, management, business and income, of the primary Estate companies (Betteroads Asphalt Corporation and Betterecycling Corporation) causing a Bankruptcy of the later and took control and used other companies part of the Estate (Petroleum Emulsion Manufacturing Corporation, Puerto Rico Asphalt Inc., R-3 DEVELOPMENT, among others) and Defendants privately owned companies (PR ASPHALT LLC, READY ASPHALT, LLC among others) to plunder, pillage and loot the income and assets by receiving the payments through his companies instead of receiving such income the Estate companies, actions that rendered in depriving the Plaintiffs from the collection of their inheritance beneficial interest.

11. Defendants also limited the payment of benefits and dividends arising from businesses such as asphalt plants, selling assets (equipment, machinery, etc.) selling and renting various asphalt plants, using the Guayanilla Terminal and others, and from abroad, business as such in the Dominican Republic, U.S. Virgin Islands (St. Thomas) and other

jurisdictions, thereby directly affecting interstate commerce and causing significant losses and injuries to Plaintiffs.

12. Upon information and belief, Jorge Arturo Diaz Mayoral, created the scheme of companies owned by him, which obtained direct and undirect benefits as a result of the illegal and fraudulent Racketeering Scheme of his father Jorge Luis.

13. The injuries and damages caused by the pillage, loot, unlawful, fraudulent, illegal and tortuous acts of the Defendants to Arturo and Paloma are reasonably estimated to be in excess of $25,000,000.00, including but not limited to, his benefits of the inheritance, the corporate dividends lost, the equal participation of the benefits gained by Defendants, Jorge Luis Diaz and his son Jorge Arturo, in their planned Racketeering Scheme.

14. As such, Plaintiffs hereby request this Honorable Court, among other things, award threefold the injuries and damages they have sustained as a result of Defendants actions, as well as the costs of the suit, including reasonable attorneys' fees, all pursuant to Section 1964(c) of RICO.


## III.    JURISDICTION AND VENUE


15. This Court has subject matter jurisdiction over Plaintiffs' RICO claim under 28 U.S.C. Section 1331, as the matter arises under the laws of the United States, specially 18 U.S.C. Section 1964© and 18 U.S.C. Section 1962 (a), (c), and (d).

16. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. Section 1367, as these matters are so related to plaintiffs' RICO claim that they

form part of the same case or controversy under Article III of the United States Constitution.

17. Venue is proper in this judicial district pursuant to 18 U.S.C. Section 1965 (b) and 28 U.S.C. Section 1391 (b) and (c), as Defendants reside or have their principal place of business in this district and all facts relating to the causes of action took place within this district.

18. Plaintiffs request a jury trial for all issues alleged.

## IV. THE PARTIES

19. Plaintiffs, Arturo Francisco Diaz Irizarry, and Paloma Irova Garcia Ali, both of legal age, married to each other, with domicile and residence in #121 Avenida Chardon Quantum Condominium, Apartment 1803 North Tower, San Juan Puerto Rico. 00918. Arturo is a lawful heir of the estate of Arturo Diaz Marquez and Judith Mercedes Irizarry Morales, both deceased. Paloma is the wife of Arturo and her sustained cause of action is to the extent of all pain and suffering as to the devilish conduct of Jorge Luis Diaz Irizarry and the other Defendants towards her beloved husband.

20. Defendants:

**20.1 JORGE LUIS DIAZ IRIZARRY ("Jorge Luis"), his wife Eugenia Mayoral,** AND THE LEGAL CONJUGAL PARTNERSHIP BETWEEN BOTH, are individuals and whose residence is unknown at this moment. Jorge Luis is lawful heir of a portion of the estate of Arturo Diaz Marquez and Judith Mercedes Irizarry Morales, both deceased. Also, Jorge Luis, is the President, Resident Agent, Chief Operating Officer of various of the corporations and companies used in the blatant scam further alleged and detailed, this defendant is the main orchestrator of the

racketeering pattern and himself and his wife have been benefiting from the money rendered of the such.

20.2 **JORGE ARTURO DIAZ MAYORAL ("Jorge A."), his wife unknown at this moment,** AND THE LEGAL CONJUGAL PARTNERSHIP BETWEEN BOTH. Jorge A. is a direct perpetrator and an accessory to the pattern being used as the Agent, President, Chief Operating Officer of some of the corporations and companies used in the blatant scam further alleged and detailed, this defendant is an accessory to the orchestrator of the racketeering pattern and himself and his wife have been benefiting from the money rendered of the such.

20.3 **CARMEN TERESA GUERRERO DE LEON ("Carmen"), her husband Ariel Marrero Otero,** AND THE LEGAL CONJUGAL PARTNERSHIP BETWEEN BOTH.  Carmen is the designated Administrator of the Estate of Arturo Diaz Marquez and Judith Mercedes Irizarry Morales, both deceased. Carmen is a direct Defendant and an accessory to the pattern being used as the administrator of the estate benefiting from her position and limiting the information provided to Arturo without reason which rendered into the blatant scam further alleged and detailed, this defendant is an accessory to the orchestrator of the racketeering pattern and herself and her husband have been benefiting from the money rendered of the such.

20.4 **BETTEROADS ASPHALT LLC. (adopted Registration Number 4139) created on 2014 by Jorge Luis Diaz Irizarry,** is a limited liability company organized under the Laws of the Commonwealth Puerto Rico and registered in the Puerto Rico Department of State which substituted **BETTEROAD ASPHALT CORPORATION (Registration Number 4139) created on 1954 by Don Arturo Diaz Marquez and Doña Judith Mercedes Irizarry and terminated**

7

**on 2014**, with its principal place of business at Edificio Empresas Diaz, 101 los Andes Street, Marginal Avenida 65 Infanteria, Rio Piedras, San Juan Puerto Rico; mailing address is P.O. Box 21420, San Juan Puerto Rico 00928-1420, and telephone numero 787-764-1000. This entity is engaged in the business of purchase, sale, management and recycling of asphalt; petroleum import business and any other manufacturing component to produce asphalt; the design and construction of roads and airport landing roads; other surfaces-spaces; rental of asphalt plants and equipment among them and to third parties. The resident agent is Jorge Luis Diaz Irizarry, with address at: Edificio Empresas Diaz, 101 los Andes Street, Marginal Avenida 65 Infanteria, Rio Piedras, San Juan Puerto Rico; mailing address is P.O. Box 21420, San Juan Puerto Rico 00928-1420 and telephone number 787-764-1000. At this moment under a proceeding of Chapter 11 in the Bankruptcy Court of Puerto Rico case number 17-04156 (ESL).

**20.5  BETTEROADS ASPHALT II LLC (Registration Number 353612) created on 2015 by Jorge Luis Diaz Irizarry,** is a limited liability company organized under the Laws of the Commonwealth Puerto Rico and registered in the Puerto Rico Department of State with its principal place of business at Edificio Empresas Diaz, 101 los Andes Street, Marginal Avenida 65 Infanteria, Rio Piedras, San Juan Puerto Rico; mailing address is P.O. Box 21420, San Juan Puerto Rico 00928-1420, and telephone numero 787-977-1687. This entity is engaged in the business of purchase, sale, management and recycling of asphalt; petroleum import business and any other manufacturing component to produce asphalt; the design and construction of roads and airport landing roads; other surfaces-

spaces; rental of asphalt plants and equipment among them and to third parties. The resident agent is Jorge Luis Diaz Irizarry, with address at: Edificio Empresas Diaz, 101 los Andes Street, Marginal Avenida 65 Infanteria, Rio Piedras, San Juan Puerto Rico; mailing address is P.O. Box 21420, San Juan Puerto Rico 00928-1420 and telephone number 787-764-1000. At this moment under a proceeding of Chapter 11 in the Bankruptcy Court of Puerto Rico case number 17-04156 (ESL)

20.6  **BETTERECYCLING CORPORATION (Registration Number 99975) created on 1997 by Don Arturo Diaz Marquez and Doña Judith Mercedes Irizarry and terminated on 2018 by noncompliance with Department of State,** is a corporation organized under the Laws of the Commonwealth Puerto Rico and registered in the Puerto Rico Department of State, with its principal place of business at Urbanizacion Monterrey, 101 los Andes Street, Marginal Avenida 65 Infanteria, Rio Piedras, San Juan Puerto Rico; mailing address is P.O. Box 21420, San Juan Puerto Rico 00928-1420, and telephone numero 787-764-1000. This entity is engaged in the business of purchase, sale, management and recycling of asphalt; petroleum import business and any other manufacturing component to produce asphalt; the design and construction of roads and airport landing roads; other surfaces-spaces; rental of asphalt plants and equipment among them and to third parties. The resident agent is Jorge Luis Diaz Irizarry, with address at: Edificio Empresas Diaz, 101 los Andes Street, Marginal Avenida 65 Infanteria, Rio Piedras, San Juan Puerto Rico; mailing address is P.O. Box 21420, San Juan Puerto Rico 00928-1420 and telephone number 787-764-1000. At this moment under a proceeding of Chapter 11 in the Bankruptcy Court of Puerto Rico case number 17-04157 (ESL).

**20.7 PETROLEUM EMULSION MANUFACTURING CORPORATION** DOING BUSINESS AS **PEMCO (Registration Number 45885) created on 1980 by Don Arturo Diaz Marquez and Doña Judith Mercedes Irizarry,** is a corporation organized under the Laws of the Commonwealth Puerto Rico and registered in the Puerto Rico Department of State, with its principal place of business at Carolina Commercial Park PR 887 km 0.4 Carolina Puerto Rico; mailing address is P.O. Box 21420, San Juan Puerto Rico 00928-1420, and telephone numero 787-764-1000. This entity is engaged in the business of purchase, sale, management and recycling of asphalt; petroleum import business and any other manufacturing component to produce asphalt; the design and construction of roads and airport landing roads; other surfaces-spaces; rental of asphalt plants and equipment among them and to third parties. The resident agent is Puerto Rico Asphalt Inc. Jorge A. Diaz Mayoral, with address at: Carolina Commercial Park PR 887 km 0.4 Carolina Puerto Rico; mailing address is P.O. Box 21420, San Juan Puerto Rico 00928-1420.

**20.8 PUERTO RICO ASPHALT INC (Registration Number 78007) created on 1991 by Don Arturo Diaz Marquez and Doña Judith Mercedes Irizarry,** is a corporation organized under the Laws of the Commonwealth Puerto Rico and registered in the Puerto Rico Department of State, with its principal place of business at #101 los Andes Street, Marginal Avenida 65 Infanteria, Rio Piedras, San Juan Puerto Rico; mailing address is P.O. Box 21420, San Juan Puerto Rico 00928-1420, and telephone numero 787-764-1000. This entity is engaged in the business of purchase, sale, management and recycling of asphalt; petroleum import business and any other manufacturing component to produce asphalt; the

design and construction of roads and airport landing roads; other surfaces-spaces; rental of asphalt plants and equipment among them and to third parties. The actual resident agent is Jorge A. Diaz Mayoral, with address at: #101 los Andes Street, Marginal Avenida 65 Infanteria, Rio Piedras, San Juan Puerto Rico; mailing address is P.O. Box 21420, San Juan Puerto Rico 00928-1420, and telephone numero 787-764-1000

**20.9 PUERTO RICO ASPHALT LLC (adopted Registration Number 78007) created on 2015 by Jorge Arturo Diaz Irizarry,** is a limited liability company organized under the Laws of the Commonwealth Puerto Rico and registered in the Puerto Rico Department of State, with its principal place of business at Carretera 127 Barrio Magas, Guayanilla Puerto Rico 00656; mailing address is P.O. Box 25252, San Juan Puerto Rico 00928-1420. This entity is engaged in the business of purchase, sale, management and recycling of asphalt; petroleum import business and any other manufacturing component to produce asphalt; the design and construction of roads and airport landing roads; other surfaces-spaces; rental of asphalt plants and equipment among them and to third parties. The resident agent is Jorge Arturo Diaz Mayoral, with address at: Carolina Commercial Park PR 887 km 0.4 Carolina Puerto Rico; mailing address is P.O. Box 21420, San Juan Puerto Rico 00928-1420.

**20.10 PUERTO RICO ASPHALT QUALITY SERVICES LLC (Registration Number 385573) created on 2016 by Jorge Arturo Diaz Irizarry,** is a limited liability company organized under the Laws of the Commonwealth Puerto Rico and registered in the Puerto Rico Department of State, with its principal place of business at San Jose 101, San Juan Puerto Rico; mailing address is P.O. Box

11

25252, San Juan Puerto Rico 00928-1420, and telephone number 787-505-6888. Cancelled on 2016 for unknown reasons. This entity is engaged in the business of purchase, sale, management and recycling of asphalt; petroleum import business and any other manufacturing component to produce asphalt; the design and construction of roads and airport landing roads; other surfaces-spaces; rental of asphalt plants and equipment among them and to third parties. The resident agent is Jorge Arturo Diaz Mayoral, with address at: San Jose 101, San Juan Puerto Rico; mailing address is P.O. Box 25252, San Juan Puerto Rico 00928-1420, and telephone number 787-505-6888.

**20.11 READY ASPHALT LLC (Registration Number 371471) created on 2016 by Jorge Arturo Diaz Irizarry,** is a limited liability company organized under the Laws of the Commonwealth Puerto Rico and registered in the Puerto Rico Department of State, with its principal place of business at Carretera 127 Barrio Magas, Guayanilla Puerto Rico 00656; mailing address is P.O. Box 25252, San Juan Puerto Rico 00928-1420, and telephone numero 787-977-1687. This entity is engaged in the business of purchase, sale, management and recycling of asphalt; petroleum import business and any other manufacturing component to produce asphalt; the design and construction of roads and airport landing roads; other surfaces-spaces; rental of asphalt plants and equipment among them and to third parties. The resident agent is Jorge Arturo Diaz Mayoral, with address at: San Jose 101, San Juan Puerto Rico; mailing address is P.O. Box 25252, San Juan Puerto Rico 00928-1420, and telephone number 787-505-6888.

**20.12 PUERTO RICO ASPHALT TERMINAL LLC (Registration Number 440083) created on 2020 by Jorge Arturo Diaz Irizarry,** is a limited liability company

organized under the Laws of the Commonwealth Puerto Rico and registered in the Puerto Rico Department of State, with its principal place of business at Suite C-4 Carolina Industrial Park, PR 887 km. 0.4 Carolina Puerto Rico 00985; mailing address is P.O. Box 25252, San Juan Puerto Rico 00928-1420, and telephone numero 787-977-1687. This entity is engaged in the operation of a Terminal for receiving and distributing petroleum derived products. The resident agent is Jorge Arturo Diaz Mayoral, with address at: Suite C-4 Carolina Industrial Park, PR 887 km. 0.4 Carolina Puerto Rico 00985; mailing address is: Suite C-4 Carolina Industrial Park, PR 887 km. 0.4 Carolina Puerto Rico 00985, and telephone number 787-710-2525.

**20.13 PUERTO RICO GAS & PETROLEUM LLC (Registration Number 372911) created on 2016 by Jorge Arturo Diaz Irizarry,** is a limited liability company organized under the Laws of the Commonwealth Puerto Rico and registered in the Puerto Rico Department of State, with its principal place of business at Carretera 127 Barrio Magas, Guayanilla Puerto Rico 00656; mailing address is P.O. Box 25252, San Juan Puerto Rico 00928-1420, and telephone numero 787-710-2525. This entity is engaged in the business of purchase, sale, management and recycling of asphalt; petroleum import business and any other manufacturing component to produce asphalt; the design and construction of roads and airport landing roads; other surfaces-spaces; rental of asphalt plants and equipment among them and to third parties. The resident agent is Jorge Arturo Diaz Mayoral, with address at: Carretera 127 Barrio Magas, Guayanilla Puerto Rico 00656; mailing address is P.O. Box 25252, San Juan Puerto Rico 00928-1420.

**20.14 HOPI COPTERS, INC. (Registration Number 118627) created on 2001 and acquired by Don Arturo Diaz Marquez and Doña Judith Mercedes Irizarry,** is a corporation organized under the Laws of the Commonwealth Puerto Rico and registered in the Puerto Rico Department of State, with its principal place of business at Edificio Empresas Diaz, 101 los Andes Street, Marginal Avenida 65 Infanteria, Rio Piedras, San Juan Puerto Rico; mailing address is P.O. Box 21420, San Juan Puerto Rico 00928-1420, and telephone numero 787-764-1000. Cancelled on 2018 for not complying with Department of State Annual Report filings. This entity is engaged in the business of rental of helicopter and airplanes. The resident agent is Jorge Luis Diaz Irizarry, with address at: Edificio Empresas Diaz, 101 los Andes Street, Marginal Avenida 65 Infanteria, Rio Piedras, San Juan Puerto Rico; mailing address is P.O. Box 21420, San Juan Puerto Rico 00928-1420 and telephone number 787-764-1000.

**20.15** Co-Defendant, fictitious Insurance Company X whose identity is presently unknown, who upon information or belief is an insurance company organized and existing under the laws of the Commonwealth of Puerto Rico who insured the defendant and is jointly and severally responsible for the damages claimed herein pursuant to section 20.03 of the Insurance Code of PR, Title 26, Annotated Laws of Puerto Rico.

### VI. FACTUAL ALLEGATIONS COMMON
### TO ALL CAUSES OF ACTION

21. Upon information and belief, Jorge Luis engaged in a pattern of racketeering activity which generally include manipulation of the administrator of the estate, illegal kickbacks

14

from buyers, defraud the estate companies, illegal sale of equipment and machinery pertaining to the estate.

22. Defendants knowingly and actively participated in the "operation or management" of the scheme to plunder, pillage and loot the assets of Plaintiffs father's and mother's estate.

23. Since the beginning of this ordeal Jorge Luis and Carmen Guerrero, manipulated Mr. Arturo Diaz Marquez, to execute a new will and comply with their requisitions even though Mr. Arturo and Mrs. Judith was ill and practically impaired of executing such document.  Mr. Arturo Diaz Marquez was driven to a secluded place in company of the witnesses of the new will in which Jorge Luis was favored over the plaintiff as part of his master plan. Upon information and belief, the witnesses of the will were economically benefited by Jorge Luis.

24. Upon information and belief, and as an important fact Mrs. Judith was diagnosed with Alzheimer decease at least 15 years prior to her death and Jorge Luis was an expert forfeiting her signature and signed documents, loan agreements, notes, deeds, facts known to close friends, employees and relatives.

25. After the death of Mrs. Judith on September 4th, 2012, and the death of Mr. Arturo on October 30th, 2012, Jorge Luis took arbitrarily the control and possession of the companies (Betteroads and Betterecycling), the Estate and property, depriving Arturo of any access or enjoyment of the same.

26. The will executor and administrator Guerrero, delayed the partition of the Estate, giving time to Jorge Luis to bankrupt the companies and deviate the businesses to his own companies under his name and his sons name.

27. Arturo is a lawful heir of the Estate of Mr. Arturo Diaz Marquez and Mrs. Judith Mercedes Irizarry Morales (both RIP) and since their death he was deprived of his right in the payment of dividends of the companies, payment of expenses, enjoyment of properties and the inheritance through the manipulation of the administrator and his brother Jorge Luis.

28. Jorge Luis and his son changed the address and emails of the Estate companies to retain control, leaving the Plaintiffs without notice of what was going on.

29. On 2016, after bankrupting the companies and forcing an Involuntary Bankrupt Process filed by the creditors, Jorge Luis fired practically all the business employees, and at the same time hired for his own benefit the employees which he could easily control and manipulate.

30. Jorge Luis own companies were and are a direct competition to the Companies that are part of the Estate, depriving the estate of income to fulfill the payment to creditors, and the heirs.

31. Jorge Luis also created new companies in order to solicit business to the ongoing buyers of products of the Estate companies, implementing a pattern of racketeering and unlawful competition against his own interests.

32. Jorge Arturo also created companies that would benefit from the fraudulent and unlawful Racketeering Pattern of his father.

33. Upon information and belief that for 8 years, Jorge Luis also created a pattern of kickbacks and racketeering and unlawful competition against the best interests of the plaintiffs and the companies of the Estate, by soliciting, for several of the asphalt plants (12-14) a $5.00 payment per ton of asphalt sold to related businesses which are and were part of the main source of income of the estate companies. This kickback

16

represented a monthly amount of between approximately $80,000.00 and $100,000.00, paid and collected in cash by himself, his accountant and one of his employees.

34. On 2016, after given notice of a money advance of $1,500,000.00 to his brother Jorge Luis, Arturo confronted him and afterward was impeded to access his office using an armed guard to neglect the access, which was in the facilities of the Empresas Diaz main building;  afterwards he was deprived of his home (apartment) at Coco Beach and his two vehicles which were registered under the name of Empresas Diaz, this company was controlled by his brother Jorge Luis. Basically, Arturo was thrown to the streets.

35. In the meantime, Jorge Luis his brother kept enjoying his apartment at Coco Beach and his vehicles without any kind of impairment.

36. Jorge Luis used the corporate structure to gain access and control of all the corporations and the companies of the Estate in common and coordinated acts with the administrator of the Estate, his son Jorge Arturo and close family members. Jorge Luis rented and sold most of the machinery and equipment for his own benefit.

37. On 2013, an illegal general corporate resolution for all the Estate companies, Betteroads Asphalt Corporation, Betterecycling Corporation, Empresas Diaz, A.D. Management & Construction Company, Coco Beach Holdings, Inc., Coco Beach Reserve, Inc., Coco Beach Development, Corp., Petroleum Emulsion Manufacturing, Corp., was executed in order to fix Jorge Luis as the Agent of the said companies, gaining therefore control of the decision making and management.

38. On 2014, Betteroads Asphalt Corporation was changed to Betteroads Asphalt LLC, under the management of Jorge Luis. Then the next year (2015) Betteroads Asphalt II, LLC was created and managed by Jorge Luis, the agent for Petroleum Emulsion Manufacturing, Corp. was changed for Puerto Rico Asphalt, Inc., who's agent was Jorge

Luis and was then changed for Jorge Arturo. Finally, Puerto Rico Asphalt, Inc. was changed to Puerto Rico Asphalt, LLC (2015) and the address was changed to Guayanilla, Puerto Rico.

39. On March 2016, Puerto Rico Gas & Petroleum LLC (May 2016), Ready Asphalt LLC (March 2016) and Puerto Rico Quality Asphalt LLC (October 2016), were created and managed by Jorge Arturo, the second was cancelled a few days later for unknown reasons, the first indicates that the address is Guayanilla Puerto Rico.  Precisely where the Betteroads Asphalt terminal is located.

40. On September 2016, after Jorge Luis gained control and management of the companies of the Estate and created his own with his son Jorge Arturo, in an well planned scheme he fired almost all the employees (45), and at the same time he used his companies to hire the ones he could control and manipulate.

41. Jorge Luis manipulated the finances of the Estate companies in order to achieve his goal of putting those into bankruptcy, dissolving others, obtain personal benefit over the other heirs and shareholders of the companies, selling machinery and equipment of the companies of the Estate, deflecting business from the companies of the Estate towards his companies for economic benefit, using the LLCs for not having to file corporate schedules and therefore depriving de Plaintiffs of obtaining crucial information of the Estate financial status.

42. Upon information and belief (Mrs. Maldonado), at the purchase of the Companies Helicopter transaction, Jorge Luis solicited to the buyer an independent amount of money for his own benefit apart of the money owed to the bank the retained the note guaranteed by the helicopter.

43. Just a few days after notifying the Bankruptcy Court of the existence of the Guayanilla Terminal (January 31st, 2020) and the Lease Agreement with Autoridad de los Puertos, Jorge Arturo created Puerto Rico Asphalt Terminal (February 2nd, 2020) in order to defraud the Estate with the same or similar purpose of interfering with interstate commerce causing injury to Plaintiffs, business, share value and business of the Estate companies.

## VII. CAUSES OF ACTION COUNT I SECTION 1962(a) OF RICO.

44. The prior allegations are incorporated by reference as re-alleged herein.

45. Jorge Luis and Jorge Arturo companies and the Estate companies (represented by shareholder and heir Arturo Diaz) are enterprises in and whose activities affect interstate commerce, as the premium element and product as asphalt is not manufactured in Puerto Rico and travel interstate commerce and also both have clients outside of Puerto Rico.

46. Jorge Luis and his companies furthered the interests of Jorge Arturo's companies and increased its revenues through the Pattern of Racketeering Activity targeting the Estate companies, Estate businesses as direct competitor, in the manner described above.

47. In turn, Jorge Luis and Jorge Arturo companies through its employees, principals, and agents has sought out the Estate Businesses their clients and Arturo's Estate benefits by through the Pattern of Racketeering Activity as described above, maliciously persuaded them to conduct businesses with their companies, and used and invested the income it derived through the Pattern of Racketeering Activity to pursue their own benefit and targeted the Estate companies and Arturo's inheritance benefits to further their operations, in violation of 18 U.S.C. S. 1962(a).

19

48. The acts set forth above constitute a Pattern of Racketeering Activity 18 U.S.C. S. 1961(1) & (5).

49. As a direct and proximate result of Defendants racketeering activities and violations to 18 U.S.C. S. 1962(a), Plaintiffs have been injured in their Estate business as shareholder and in their Inheritance benefits in an amount reasonably estimated in excess of $8,000,000.00.

50. Therefore, Plaintiffs respectfully request that this Honorable Court enters judgement and award treble damages and attorney's fees jointly and severally against Defendants companies, Puerto Rico Gas & Petroleum, LLC; Puerto Rico Asphalt LLC; Ready Asphalt LLC; Puerto Rico Asphalt Quality Services, LLC; and Puerto Rico Asphalt Terminal, LLC, in accordance to Section 1964(c) of RICO.

## VIII. CAUSES OF ACTION COUNT II SECTION 1962(a) OF RICO.

51. The prior allegations are incorporated by reference as re-alleged herein.

52. Jorge Luis and Jorge Arturo companies are enterprises in and whose activities affect interstate commerce. As officers of such companies, Jorge Luis and Jorge Arturo are associated with the enterprise.

53. Jorge Luis and Jorge Arturo participated in the conduct of their affairs of the enterprise through a pattern of racketeering activity and for the unlawful purpose of intentionally causing injury, loss of income, loss of business and reduction of inheritance benefits, to Plaintiffs, a specially described above.

54. Pursuant to and in furtherance of the affairs of Jorge Luis and Jorge Arturo committed multiple acts of deceitful and malicious interference with the business affecting interstate commerce.

55. In turn, both Jorge Luis and Jorge Arturo personally and their respective companies benefitted from the pattern of racketeering activity conducted in furtherance of themselves and to the detriment of Plaintiffs, as described above.

56. The acts set forth above constitute a Pattern of Racketeering Activity 18 U.S.C. S. 1961(1) & (5).

57. Both Jorge Luis and Jorge Arturo personally have directly and indirectly participated in the conduct of the enterprise's affair through the pattern of racketeering activity describe above, all in violation of 18 U.S.C. S. 1962(c).

58. As a direct and proximate result of Defendants racketeering activities and violations to 18 U.S.C. S. 1962(c), Plaintiffs have been injured in their Estate business as shareholder and in their Inheritance benefits in an amount reasonably estimated in excess of $8,000,000.00.

59. Therefore, Plaintiffs respectfully request that this Honorable Court enters judgement and award treble damages and attorney's fees jointly and severally against Defendants, Jorge Luis and Jorge Arturo, in accordance to Section 1964(c) of RICO.

## VIII. CAUSES OF ACTION COUNT III SECTION 1962(d) OF RICO.

60. The prior allegations are incorporated by reference as re-alleged herein.

61. Defendants companies, Puerto Rico Gas & Petroleum, LLC; Puerto Rico Asphalt LLC; Ready Asphalt LLC; Puerto Rico Asphalt Quality Services, LLC; and Puerto Rico Asphalt Terminal, LLC (further on "the Companies"), are enterprises whose activities affect interstate commerce. As officers, Jorge Luis and Jorge Arturo are associated with the enterprises.

62. Defendants, Jorge Luis and Jorge Arturo and the Companies, through its employees, principals, and agents conspired to directly and/or indirectly participate in the conduct of

the enterprise's affair through the pattern of racketeering activity described above, all in violation of 18 U.S.C. S. 1962(d).

63. Defendants, Jorge Luis and Jorge Arturo and the Companies, through its employees, principals, and agents agreed to further the pattern of racketeering activity which constitutes a violation of 18 U.S.C. S. 1962(a) and 1962(c) of RICO.

64. Pursuant to and in furtherance if the interests of defendants, the defendants agreed that they would collectively and/or individually commit or perpetrate the scheme that interfered with interstate commerce.

65. The acts set forth above constitute a Pattern of Racketeering Activity 18 U.S.C. S. 1961(1) & (5).

66. As a direct and proximate result of Defendants racketeering activities and violations to 18 U.S.C. S. 1962(d), Plaintiffs have been injured in their Estate business as shareholder and in their Inheritance benefits in an amount reasonably estimated in excess of $8,000,000.00.

67. Therefore, Plaintiffs respectfully request that this Honorable Court enters judgement and award treble damages and attorney's fees jointly and severally against Defendants Jorge Luis, Jorge Arturo and their companies, Puerto Rico Gas & Petroleum, LLC; Puerto Rico Asphalt LLC; Ready Asphalt LLC; Puerto Rico Asphalt Quality Services, LLC; and Puerto Rico Asphalt Terminal, LLC, in accordance to Section 1964(c) of RICO.

## VIII. CAUSE OF ACTION COUNT IV
### (Mental Damages)

68. Plaintiffs reproduce and reaffirm, as if alleged herein, each and every one of the preceding allegations.

69. The aforementioned racketeering and fraud activities of Defendants have caused Plaintiffs great pain and suffering, triggering emotional and mental anguish that is derivative of the limitations they confronted being deprived of wealth and benefits they were entitled to.

70. For the mental anguish of Plaintiff Arturo, defendants Jorge Luis, Jorge Arturo and their companies, Puerto Rico Gas & Petroleum, LLC; Puerto Rico Asphalt LLC; Ready Asphalt LLC; Puerto Rico Asphalt Quality Services, LLC; and Puerto Rico Asphalt Terminal, LLC, are liable and responsible, *in solido*, in a sum not less than $1,500,000.00.

71. For the mental anguish of Plaintiff Paloma, defendants Jorge Luis, Jorge Arturo and their companies, Puerto Rico Gas & Petroleum, LLC; Puerto Rico Asphalt LLC; Ready Asphalt LLC; Puerto Rico Asphalt Quality Services, LLC; and Puerto Rico Asphalt Terminal, LLC, are liable and responsible, *in solido*, in a sum not less than $1,500,000.00.

## IX. FOURTH CAUSE OF ACTION

### (Interest, Attorneys Fees and Other Expenses)

72.    Plaintiffs reproduce and reaffirm, as if alleged herein, each and every one of the preceding allegations.

38.    Pursuant to the laws of the Commonwealth of Puerto Rico, a person who is obstinate in fomenting litigation and/or protracting litigation, or refusing to recognize an obligation, is liable for reasonable attorney's fees.

23

39.     Pursuant to the laws of the Commonwealth of Puerto Rico, a person who is adjudged obstinate is also liable for pre-judgment interest from the date of the filing of the claim.

40.     The defendants have been obstinate in that, although they have been on notice of the nature and extent of the damages suffered by the plaintiffs, they have taken no action on the matter and have, in fact, fomented this litigation.

## X. PRAYER FOR RELIEF.

**WHEREFORE, it is respectfully requested for this Honorable Court to enter Judgement in favor of Plaintiffs and against Defendants:**

a. **finding RICO Defendants Jorge Luis, Jorge Arturo and their companies, Puerto Rico Gas & Petroleum, LLC; Puerto Rico Asphalt LLC; Ready Asphalt LLC; Puerto Rico Asphalt Quality Services, LLC; and Puerto Rico Asphalt Terminal, LLC, jointly and severally liable to Plaintiffs Arturo Francisco Diaz Irizarry and award Plaintiff an amount no less than $25,00,000.00 for treble damages caused, pursuant to 18 U.S.C. S. 1964(c).**

b. **finding RICO Defendants Jorge Luis, Jorge Arturo and their companies, Puerto Rico Gas & Petroleum, LLC; Puerto Rico Asphalt LLC; Ready Asphalt LLC; Puerto Rico Asphalt Quality Services, LLC; and Puerto Rico Asphalt Terminal, LLC, jointly and severally liable to Plaintiffs Paloma Irova Garcia Ali and award Plaintiff an amount no less than $1,500,000.00 for treble damages caused, pursuant to 18 U.S.C. S. 1964(c);**

c. **imposing upon RICO Defendants finding RICO Defendants Jorge Luis, Jorge Arturo and their companies, Puerto Rico Gas & Petroleum, LLC; Puerto Rico Asphalt LLC; Ready Asphalt LLC; Puerto Rico Asphalt Quality Services, LLC;**

and Puerto Rico Asphalt Terminal, LLC, jointly and severally the payment of costs and expenses of the present litigation, including a reasonable sum for attorneys fees;

d. and any other relief to which Plaintiffs may be entitled in the present litigation as a matter of law.

**WHEREFORE**, plaintiffs respectfully request that after the due proceedings this Honorable Court grants the Complaint in their favor and enters Judgment granting the remedies requested in all causes of Action and such other remedies as may be fair and equitable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 28th day of July 2020.

/S/   José Vladimir Díaz-Tejera

José Vladimir Díaz-Tejera
USDC-PR 208604
PO Box 423
Trujillo Alto, P.R. 00977
Tel 787-755-3440
Fax. 787- 755-0670
Email:
diaz_tejera_lawfirm@yahoo.com